

# STATE OF MICHIGAN

## SUPREME COURT

July 19, 2010

PATRICK McCARTHY,
Plaintiff-Appellant,

v

ALISON SCOFIELD, DEPARTMENT OF
HUMAN SERVICES, ANDREA DEAN,
OAKLAND COUNTY PROSECUTOR, CAROLE
BOYD, OAKLAND COUNTY FRIEND OF THE
COURT, THOMAS CALLAHAN, and MILFORD
POLICE DEPARTMENT,
Defendants-Appellees,

and

AMY ALLEN and CHILD ABUSE & NEGLECT
HOUSE/OAKLAND COUNTY CARE HOUSE,
Defendants.
_____/

SC: 140328
COA: 284129
Oakland CC: 2006-079432-NO

### STATEMENTS DENYING MOTION FOR DISQUALIFICATION

WEAVER, J.  Plaintiff Patrick McCarthy alleges that I have improper and unethical political or social relationships with the defendants Michigan Department of Human Services and Oakland County Care House and thus that I am biased in favor of these defendants.   His allegations are untrue and wholly without basis.

Further, I know of no other justification for my disqualification. For these reasons, I deny his motion to disqualify me from participation.

CORRIGAN, J., denies plaintiff's motion to disqualify her from hearing this case and states as follows:

I have no pecuniary or business interests in the defendant organizations named in this case. I also have no personal or political relationships with any of the individual named defendants; indeed, I do not know any of them. It is a matter of public record that I act in an administrative capacity as the Michigan Supreme Court's liaison on child welfare matters. But my administrative duties are distinct from my judicial duty to fairly consider individual applications to this Court on a case by case basis. Plaintiff's unsupported allegation that I am biased in favor of the Department of Human Services is untrue. I have voted against the Department's position when I have concluded that its position is unsupported by the facts or law in a particular case.

YOUNG, J. Mr. McCarthy has moved to disqualify me from this case. Among other things, Mr. McCarthy alleges that I have political or social relationships with the parties defendant. All of his allegations concerning me are untrue and wholly without basis in fact. Moreover, independent of Mr. McCarthy's baseless allegations, I know of no other justification for my disqualification. For these reasons, I deny his motion to disqualify.

MARKMAN, J. Plaintiff has moved for my disqualification, alleging that I have an assortment of business and social relationships with defendants Department of Human Services and Oakland County Care House. I have no such relationships with either of these agencies, or with persons at these agencies, and there is no other basis under MCR 2.003 that would require that I be disqualified from participation in this case. Plaintiff's motion is crude and frivolous, marked by racial invective, and establishes utterly no basis for my disqualification. Notwithstanding, for the reasons set forth in my separate statement to the Court's order of June 3, 2010, I remain deeply concerned by the operation of MCL 28.243 as it pertains to plaintiff and urge that this statute be revisited by the Legislature.

Plaintiff's motion should serve to remind those assessing the impact of the Court's new disqualification rules why such rules are likely both to incentivize motions to disqualify justices, and to politicize the disqualification process. However frivolous plaintiff's motion, and however much a similar motion directed toward another party might have been subject to sanction, plaintiff's motion has now required that four justices of this Court drop everything else during this, the busiest time of our term, when every effort is being made to complete our docket before the end of July, in order to respond in writing whether each will continue to participate in this case. Plaintiff will now have 28 days in which to ponder the responses of the four challenged justices, and to determine

whether to compel the participation of the entire Court in reviewing the disqualification decisions of each of the four challenged justices. If plaintiff chooses to compel the participation of the entire Court, each of its seven justices will then be required to review each of the challenged justices' statements and set forth in writing whether each of the challenged justices should be disqualified from participation, and the challenged justice will then be entitled to respond. Thus, there will be the interruption and delay of this Court's work, involving in this case as many as 36 separate statements and responses by justices addressing plaintiff's motion; there will be the platform offered to a party (including almost certainly in the future a growing number of prisoners moving for relief from judgment many years after their convictions) to engage in tirades and denunciations of disfavored justices; and there will be the ability of a party, no matter how frivolous his motions for judicial disqualification, to command the full resources and attention of this Court, while diverting these resources and attentions from the Court's primary responsibilities. It is worth noting that there has not been a single moment since the implementation of our new disqualification rules last November in which there has not been at least one disqualification decision pending before this Court.

It is equally noteworthy that plaintiff's disqualification motion is directed toward only the four justices of this Court whose votes did not favor plaintiff in his underlying case, even though, almost certainly, there is not a whit of difference between the "relationships" of the four challenged justices, and the "relationships" of the three unchallenged justices, with defendants. Quite obviously, the only distinction is that plaintiff believes the unchallenged justices will continue to favor his position and the challenged justices will continue not to do so. This has nothing to do with ethics, but much to do with skewing a fair process.

Thus, a disqualification procedure that worked on this Court for 175 years to ensure honest and accountable decision-making, and that reflects the practices of the United States Supreme Court, and those of virtually every other state supreme court in the nation from the beginning of the republic, has been replaced by a procedure whose legacy will almost certainly prove to be the incentivization of frivolous disqualification motions, politicization of the disqualification process, and the diversion of the attentions of this Court from its primary responsibilities on behalf of the people of this state.