

# S T A T E  O F  M I C H I G A N

## SUPREME COURT

December 22, 2010


PATRICK McCARTHY,
                Plaintiff-Appellant,

v                                                    SC: 141439-40
                                                     COA: 293482; 293483
                                                     Oakland CC: 2008-089426-NO;
EDWARD SOSNICK, WENDY L. POTTS,                                  2008-094425-NO
KEVIN M. OEFFNER, RICHARD M. LYNCH,
JEANNE STEMPIEN, KATHLEEN J.
McCANN, THOMAS J. RYAN, BARRY M.
GRANT, MICHAEL J. TALBOT, DIANE M.
GARRISON, NANCY J. DIEHL, RONALD F.
ROSE, NANCY J. GRANT, GOVERNOR OF
MICHIGAN, ATTORNEY GENERAL,
OAKLAND COUNTY CIRCUIT COURT,
and JUDICIAL TENURE COMMISSION,
                Defendants-Appellees.
_____/

PATRICK McCARTHY,
                Plaintiff-Appellant,

v                                                    SC: 141442-43
                                                     COA: 294383; 294385
                                                     Oakland CC: 2008-094425-NO;
EDWARD SOSNICK, WENDY L. POTTS,                                  2008-089426-NO
KEVIN M. OEFFNER, RICHARD M. LYNCH,
JEANNE STEMPIEN, KATHLEEN J.
McCANN, THOMAS J. RYAN, BARRY M.
GRANT, MICHAEL J, TALBOT, DIANE M.
GARRISON, NANCY J. DIEHL, RONALD F.
ROSE, NANCY J. GRANT, GOVERNOR OF
MICHIGAN, ATTORNEY GENERAL,
OAKLAND COUNTY CIRCUIT COURT,
and JUDICIAL TENURE COMMISSION,
                Defendants-Appellees.
_____/

STATEMENTS DENYING MOTION FOR DISQUALIFICATION

KELLY, C.J.   Plaintiff has moved for my disqualification in his motion for reconsideration of this Court's denial of his application for leave to appeal.  Plaintiff has failed to substantiate any basis for my recusal.  Because I have no actual bias and there is no appearance of impropriety, nor do any other grounds exist supporting my disqualification, I deny plaintiff's motion.

CAVANAGH, J.   Plaintiff has moved for my disqualification in his motion for reconsideration of this Court's denial of his application for leave to appeal.  Plaintiff has failed to substantiate any basis for my recusal.  Because I have no actual bias and there is no appearance of impropriety, nor do any other grounds exist supporting my disqualification, I deny plaintiff's motion.

CORRIGAN, J.  Plaintiff's claim that I am personally biased against him is untrue and without basis in fact. Because I am aware of no basis justifying my disqualification, I deny his motion to disqualify me.

YOUNG, J.   Plaintiff has moved for my disqualification, along with the disqualification of my other six colleagues on the Court, claiming that all seven Justices are personally biased against him. Any claim that I am personally biased against plaintiff is categorically untrue and wholly without basis in fact. Aside from plaintiff's unfounded allegation, I am unaware of any other justification for my disqualification. Therefore, I deny his motion to disqualify.

MARKMAN, J.  Plaintiff has moved for my disqualification, along with that of all other justices on the Court, pursuant to MCR 2.003(C)(1)(a), (b), (f), and (g)(iii).  Because plaintiff's motion establishes utterly no basis for my disqualification, I deny the motion.  First, I am not "biased or prejudiced for or against a party or attorney" in this case.  MCR 2.003(C)(1)(a).  Second, my participation will not create an "appearance of impropriety" in this case.  MCR 2.003(C)(1)(b).  Third, neither myself nor any of my family members "has more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding."   MCR 2.003(C)(1)(f).  Fourth, neither myself nor any of my family members has "more than [a] de minimis interest that could be substantially affected by the proceeding."   MCR 2.003(C)(1)(g)(iii).  Finally, there is no other basis under MCR 2.003 that would require that I be disqualified from participation in this case.

In *McCarthy v Scofield*, 486 Mich 1075 (2010), four justices, including myself,

voted to deny plaintiff's application for leave to appeal (although in a separate concurrence, I indicated that I could "understand plaintiff's frustration with the manner in which the law has operated in his case"), and plaintiff filed a motion for reconsideration accompanied by a motion to disqualify the four justices who had voted to deny his application. In my statement denying plaintiff's motion for disqualification, I noted

> that plaintiff's disqualification motion is directed toward only the four justices of this Court whose votes did not favor plaintiff in his underlying case, even though, almost certainly, there is not a whit of difference between the "relationships" of the four challenged justices, and the "relationships" of the three unchallenged justices, with defendants. Quite obviously, the only distinction is that plaintiff believes the unchallenged justices will continue to favor his position and the challenged justices will continue not to do so. This has nothing to do with ethics, but much to do with skewing a fair process. [*Id.* at 1077.]

Plaintiff has now proved this to be an accurate statement. This Court unanimously voted to deny plaintiff's application for leave to appeal and plaintiff has now filed a motion for reconsideration and a motion to disqualify the entire Court. Apparently, filing motions to disqualify those justices who vote to deny his applications for leave to appeal has become plaintiff's modus operandi. As I said in my last statement denying plaintiff's motion to disqualify me, "[p]laintiff's motion should serve to remind those assessing the impact of the Court's new disqualification rules why such rules are likely both to incentivize motions to disqualify justices, and to politicize the disqualification process." *Id.* at 1076.

However frivolous plaintiff's motion, it has now required that seven justices read, consider, and explain in writing whether and why each will continue to participate in this case. And,

> [p]laintiff will now have 14 days in which to ponder the responses of the [seven] challenged justices, and to determine whether to compel the participation of the entire Court in reviewing the disqualification decisions of each of the [seven] challenged justices. If plaintiff chooses to compel the participation of the entire Court, each of its seven justices will then be required to review each of the challenged justices' statements and set forth in writing whether each of the challenged justices should be disqualified from participation, and the challenged justice will then be entitled to respond. Thus, there will be the interruption and delay of this Court's work, involving in this case as many as [63] separate statements and responses by justices addressing plaintiff's motion . . . . [*Id.*]

I deny plaintiff's motion, and reiterate my concerns about this Court's new disqualification procedures.

3

HATHAWAY, J. Plaintiff has moved for my disqualification in his motion for reconsideration of this Court's denial of his application for leave to appeal. Plaintiff has failed to substantiate any basis for my recusal. Because I have no actual bias and there is no appearance of impropriety, nor do any other grounds exist supporting my disqualification, I deny plaintiff's motion.

DAVIS, J. Plaintiff has made a motion to disqualify me, along with all other Justices on this Court, pursuant to MCR 2.003. Because I am not biased or prejudiced for or against a party or attorney in this matter, I deny plaintiff's motion to disqualify me from participation.